Filed 9/29/25  Bistline v. Federal Home Loan Mortgage Corp. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KRISTINE ANN BISTLINE, Plaintiff and Appellant, v. FEDERAL HOME LOAN MORTGAGE CORP., Defendant and Respondent. | B332091 (Los Angeles County Super. Ct. No. MC027909) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Affirmed.

Law Office of Richard L. Antognini and Richard L. Antognini for Plaintiff and Appellant.

Wolfe & Wyman and David M. Chute for Defendant and Respondent.

_____

Plaintiff Kristine Bistline appeals from a summary judgment entered in favor of defendant Federal Home Loan Mortgage Corporation (Freddie Mac).  Bistline contends that the trial court erred in granting summary judgment because her claims are not barred by res judicata or by the *Merrill* doctrine (*Federal Crop Ins. Co. v. Merrill* (1947) 332 U.S. 380 (*Merrill*)), which says that a federal agency is not liable for the unauthorized conduct of its agents.  As we discuss, Bistline has forfeited her res judicata claim by failing to present reasoned argument in support, and she has failed to demonstrate triable issues as to the application of the *Merrill* doctrine.  We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Background.

Bistline executed a note with lender Washington Mutual Bank, F.A. (Washington Mutual) for a mortgage loan in 2007, which was secured by a deed of trust on residential real property.  Freddie Mac subsequently acquired the note from Washington Mutual.  In March 2016, Freddie Mac's loan servicer, Ditech Financial LLC (Ditech), recorded a notice of default against the property.

In May 2016, plaintiff filed a lawsuit in Los Angeles Superior Court (*Bistline I*) against current and former loan servicers JPMorgan Chase Bank, Homeward Residential, Inc., Ocwen Loan Servicing, LLC, and Green Tree Servicing LLC aka Ditech.  The defendants removed *Bistline I* to federal court in June 2016.  The district court granted defendants' motion to dismiss without leave to amend, and the Ninth Circuit affirmed the dismissal.

2

Meanwhile, Bistline initiated the instant matter (*Bistline II*) in April 2018, naming Freddie Mac and Ditech as defendants. In September 2018, the trial court dismissed the action on the ground that it was barred by res judicata. Bistline appealed, and this court reversed, concluding that the trial court erred by raising res judicata on its own motion and dismissing the action on a ground not raised in the moving papers.

Separately, in October 2018, Bistline filed a new action in federal district court against Freddie Mac and Ditech (*Bistline III*). In December 2019, the district court granted Freddie Mac's motion for summary judgment, concluding that there were no triable issues as to Bistline's causes of action against Freddie Mac. The Ninth Circuit affirmed the judgment.

## II. Bistline's first amended complaint; Freddie Mac's motion for summary judgment.

After this court reversed the superior court's dismissal order in *Bistline II*, Bistline filed a first amended complaint (FAC) against Freddie Mac and Ditech. As relevant here, the FAC alleged causes of action for negligence (second through fourth causes of action), violations of the Rosenthal Fair Debt Collection Practices Act (seventh cause of action), negligent infliction of emotional distress (ninth cause of action), and violations of the Homeowners' Bill of Rights (tenth and eleventh causes of action).[1]

---

[1] The trial court apparently sustained Freddie Mac's demurrer to eight additional causes of actions alleged in the FAC. Bistline does not allege error as to these causes of action, and thus we do not address them.

3

Freddie Mac filed a motion for summary judgment, contending that the dispositions of *Bistline I* and *Bistline III* barred Bistline's claims under the doctrine of res judicata, and Bistline's claims were barred by the *Merrill* doctrine. Bistline opposed the motion.

In May 2022, the trial court granted Freddie Mac's motion for summary judgment. The court found that *Bistline I* had limited preclusive effect, but "*Bistline III* entirely precludes Plaintiff's Second, Third, Fourth, Ninth, Tenth, and Eleventh Causes of Action" because all of these causes of action "arise from the same 'primary right' at issue in *Bistline III*: her right to the real property which she alleges was wrongfully foreclosed upon." Alternatively, the court found that all of the causes of action against Freddie Mac were barred by the *Merrill* doctrine.

The trial court entered a judgment of dismissal on June 2, 2023. Bistline timely appealed.[2]

## DISCUSSION

Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of showing that one or more elements of the plaintiff's cause of action cannot be established or there is a complete defense. (*Id.*, § 437c, subd. (p)(2).) If the defendant meets this

---

[2] Bistline did not timely file an appellant's reply brief. On July 31, 2025, she sought leave to file a late reply brief. Freddie Mac opposed Bistline's request. We now grant the request and deem Bistline's reply brief filed on the date it was received.

4

burden, the plaintiff must then demonstrate a triable issue of material fact. (*Ibid*.)

We review the trial court's summary judgment ruling de novo. (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 860.) Nonetheless, "our review is governed by a fundamental principle of appellate procedure, namely, that ' "[a] judgment or order of the lower court is *presumed correct*," ' and thus, ' "error must be affirmatively shown." ' [Citation.] Under this principle, plaintiff bears the burden of establishing error on appeal, even though defendants had the burden of proving their right to summary judgment before the trial court. [Citation.] For this reason, our review is limited to contentions adequately raised and supported in plaintiff's brief." (*Arnold v. Dignity Health* (2020) 53 Cal.App.5th 412, 423.)

Bistline makes two claims on appeal. As we discuss, neither has merit.

## I. Bistline has forfeited her claim that this action is not barred by res judicata.

Bistline asserts that the present action is not precluded by *Bistline I* because Freddie Mac was not a party or in privity with any party to that action. But as noted above, the trial court found that the second, third, fourth, ninth, tenth, and eleventh causes of action were precluded by *Bistline III*, *not* by *Bistline I*. Whether *Bistline I* precluded these causes of action therefore is not relevant to this appeal.

It is a fundamental principle of appellate review that "the judgment is presumed correct, that all intendments and presumptions are indulged in favor of its correctness, and that the appellant bears the burden of affirmatively demonstrating error." (*Oakland Bulk and Oversized Terminal, LLC v. City of*

*Oakland* (2025) 112 Cal.App.5th 519, 542; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  Bistline does not address on appeal whether *Bistline III* has preclusive effect here; to the contrary, she asserts—incorrectly—that she "[does] not need to explain why *Bistline III* did not preclude her case, as the trial court never decided that issue."  Bistline therefore has forfeited the issue.  (See *Siskiyou Hospital, Inc. v. County of Siskiyou* (2025) 109 Cal.App.5th 14, 39 ["The absence of reasoned legal argument supported by citation to authority allows this court to treat the contention as forfeited"]; *People v. Sorden* (2021) 65 Cal.App.5th 582, 603 ["failure to present reasoned argument and legal authorities in support of" claim of error forfeits that claim on appeal].)

## II. There are no triable issues as to the application of the *Merrill* doctrine.

Bistline asserts that the trial court erred in finding that the seventh cause of action for violations of the Rosenthal Act was barred by the *Merrill* doctrine.  The *Merrill* doctrine is based on the United States Supreme Court's decision in *Merrill*, *supra*, 332 U.S. 380.  In that case, agents of the Federal Crop Insurance Corporation (FCIC) erroneously informed the plaintiffs that their wheat crop was insurable.  The court held that since the FCIC was a federal instrumentality, it could not be bound by its agent's misrepresentations beyond the scope of his authority or estopped from enforcing its crop insurance requirements.  (*Id.* at pp. 384–386.)

The *Merrill* doctrine has been applied in a variety of contexts for the proposition that a government agency "is not bound by, or liable for, the unauthorized or illegal conduct of its agents."  (*Salom v. Nationstar Mortgage LLC* (W.D. Wash.,

Dec. 5, 2024, No. 24-CV-444-BJR) 2024 WL 4988595, at *3, citing *Faiella v. Federal Nat. Mortg. Association* (1st Cir. 2019) 928 F.3d 141, 143.) As relevant here, federal courts consistently have recognized that Freddie Mac is a government entity for purposes of applying the *Merrill* doctrine. (See *Paslowski v. Standard Mortg. Corp. of Georgia* (W.D. Pa. 2000) 129 F.Supp.2d 793, 800 (*Paslowski*); *Mendrala v. Crown Mortg. Co.* (7th Cir. 1992) 955 F.2d 1132, 1140 [Freddie Mac "is a federal instrumentality for estoppel purposes, and . . . is protected by the *Merrill* doctrine"]; *Salom*, at *4 [dismissing claims against Freddie Mac under *Merrill* doctrine]; *Deerman v. Federal Home Loan Mortg. Corp.* (N.D. Ala. 1997) 955 F.Supp. 1393, 1400 [Freddie Mac "is protected by the *Merrill* doctrine"].)

Bistline's seventh cause of action alleged that Freddie Mac "made false statements about the nature, character and amount of the debt it claims is owed by her, namely claiming in written monthly statements and correspondence that she owes money required to be paid into an escrow account for property taxes and homeowner's insurance," in violation of the Rosenthal Fair Debt Collection Practices Act, Civil Code section 1788.30. Bistline alleges that Freddie Mac therefore "never had the authority to foreclose on her home."

In support of its motion for summary judgment, Freddie Mac asserted that it does not service loans directly, but instead enters into contractual relationships with banks and other financial institutions to service its loans. Thus, Freddie Mac "is not involved in day-to-day loan origination or loan servicing activities." In the present case, Freddie Mac said, there was no evidence that it knew about or authorized any alleged wrongful foreclosure activity by its loan servicer, Ditech. Under *Merrill*,

7

therefore, Freddie Mac could not be liable for Ditech's alleged wrongful conduct.

The trial court concluded that Freddie Mac met its summary judgment burden of establishing the elements of its *Merrill* doctrine defense, and Bistline did not provide any evidence that Freddie Mac authorized Ditech's allegedly unlawful acts. Accordingly, Bistline "has not established a triable issue of fact and Freddie Mac cannot be liable under the *Merrill* doctrine."

On appeal, Bistline asserts that there were triable issues as to Freddie Mac's *Merrill* defense because Bistline presented evidence that Freddie Mac "expressly authorized the loan servicer to conduct all actions required to enforce a loan, including foreclosure." In other words, Bistline contends Freddie Mac's authorization of foreclosure in some circumstances was sufficient to defeat the application of the *Merrill* doctrine here.

Not so. Federal courts considering similar arguments have held that because Freddie Mac's servicer's guide expressly prohibits its sellers/servicers from engaging in any conduct that violates any applicable state or federal law, servicers' conduct alleged to violate state law necessarily occurs outside of the servicers' express authority in the absence of affirmative evidence to the contrary. (E.g., *Faiella v. Federal Nat. Mortg. Association*, *supra*, 928 F.3d at p. 151 [Fannie Mae was entitled to summary judgment where there was no evidence in the record that Fannie Mae " 'authorized or affirmatively encouraged Ditech to improperly service' the appellant's loan" or otherwise engaged in affirmative misconduct]; *Paslowski*, *supra*, 129 F.Supp.2d at p. 804 ["by engaging in conduct that violated the Pennsylvania [Consumer Protection Law (CPL)], the servicers were acting outside the scope of their express authority under the Guide,

8

which precludes Freddie Mac servicers from violating applicable state law. Accordingly, assuming that the servicers' conduct violated the Pennsylvania CPL, Freddie Mac, as a federal instrumentality protected by the *Merrill* doctrine, cannot be held liable for their unauthorized conduct"]; *St. Amour v. Federal Home Loan Mortgage Corporation* (D.R.I., Mar. 9, 2022, No. 118CV00254MSMPAS) 2022 WL 704027, at *3 ["Freddie Mac has presented unrebutted evidence that although its servicing guide authorizes its servicers to modify mortgages that it owns, Freddie Mac was never notified of . . . the Modification Agreement . . . before the filing of this case. . . . The *Merrill* doctrine shields Freddie Mac from liability under these undisputed facts"].)

In the present case, Bistline asserts that Freddie Mac authorizes its servicers to foreclose on mortgage loans, but points to no evidence that Freddie Mac authorized the particular alleged wrongful acts on which this suit is based. The trial court thus properly concluded that the seventh cause of action was barred by the *Merrill* doctrine.

9

## DISPOSITION

The judgment is affirmed.  Respondent Freddie Mac is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.